HAWTHORNE, Justice
(concurring).
Act 170 of 1952 was sponsored by representative groups of the citizens of Jefferson Parish, and after its adoption by the Legislature the electorate of that parish overwhelmingly approved the form óf parochial government provided therein. Thereafter certain individuals were elected to various offices provided for in the new plan of parish government. In this suit, filed about three years after the adoption of the act and just before the officers elected under the plan were to take the oath of office, the court is now called upon to declare the act unconstitutional under which all of these things were accomplished, and this, of course, has the effect of making non-existent the offices to which certain persons have been elected and, even more, of making .non-existent the offices themselves. Because of these facts the court is here called upon in the discharge of its official functions to perform what, to me as a member of the court, is an unpleasant duty — that is, to declare the act unconstitutional. Being of the opinion that this statute is unconstitutional, I have no choice under my duty but to subscribe to the holding of the majority of the court.
Article 14, § 3, of the Constitution provides: “The Legislature shall provide optional plans for the organization of parochial government, and any parish may change from one plan, so prescribed, to another, when authorized by a majority of the electors voting' at an election held for such purpose.”
The plan of parochial government prescribed in the legislative act here under *813 •attack applies only to the Parish of Jefferson, or is a plan of government for a particular named and designated parish, and no other parish of the state can under the •act avail itself of its provisions. It is therefore clear that the act was not adopted •by the Legislature pursuant to, under, and in accordance with the quoted provision of the Constitution, as the plan of government prescribed by the act is not by the act itself made available to any and all parishes of the state, but only to the Parish of Jefferson.
The question then presented is whether the Legislature may disregard or ignore .this section of the Constitution and provide a plan of government for one, and only one, particular parish.
If so, then there is no provision in the ■Constitution which would prohibit the Legislature at will, at any time or for any cause, political or otherwise, from imposing on any parish in the state some plan or form •of government without submitting such plan or form of government to the electorate or residents of such parish, thereby depriving the people of that parish of the right of self-government. And it is immaterial that in this act the right of choice by the electorate was given, because without Article 14, § 3, this right could have been withheld.
It is my view that Section 3 of Article 14 prohibits the Legislature from doing •this very thing by limiting the authority or power of the Legislature to change the form of government in any parish except in the manner prescribed by, and in accordance with, the provisions of this section of the Constitution — that is, by making the plan or form of government available to each and every parish, with the right of the electorate to accept or reject any plan so prescribed.